SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PATRICK FINLEY and
NAZZARETH TYSON,

       Plaintiffs,

 -against-

50 STAR LOGISTICS LLC and
ODILJON ABSAMATOV,

       Defendants.

---

Index No.

**VERIFIED
COMPLAINT**

Plaintiff, by his attorneys, the GABRIEL LAW FIRM, complaining of the Defendant(s), respectfully shows to this Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all relevant times, Plaintiff PATRICK FINLEY was, and is, a resident of the County of Kings, City and State of New York.

2. At all relevant times, Plaintiff NAZZARETH TYSON was, and is, a resident of the County of Kings, City and State of New York.

3. At all relevant times, Defendant 50 STAR LOGISTICS LLC was a limited liability corporation duly authorized and existing under and by virtue of the laws of the State of Ohio.

4. At all relevant times, Defendant 50 STAR LOGISTICS LLC conducted interstate business including in the State of New York.

5. At all relevant times, Defendant ODILJON ABSAMATOV was, and is, a resident of the City of Cincinnati, State of Ohio.

6. At all relevant times, Defendant 50 STAR LOGISTICS LLC was the registered owner of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212.

7. At all relevant times, Defendant 50 STAR LOGISTICS LLC was the title owner of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212.

8. At all relevant times, Defendant 50 STAR LOGISTICS LLC was the lessor of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212.

9. At all relevant times, Defendant 50 STAR LOGISTICS LLC was the lessee of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212.

10. At all relevant times, Defendant ODILJON ABSAMATOV was an employee of Defendant 50 STAR LOGISTICS LLC.

11. At all relevant times, Defendant ODILJON ABSAMATOV was the operator of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212.

12. At all relevant times, Defendant ODILJON ABSAMATOV was the operator of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212 with the knowledge and consent of Defendant 50 STAR LOGISTICS LLC.

13. At all relevant times, Defendant ODILJON ABSAMATOV was the operator of a 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212 within the scope of his employment.

14. At all relevant times, Fulton Street and Miller Avenue, County of Kings, City and State of New York, was/were and still is/are a public roadway/highway in common use by residents of the said state and others.

FILED: KINGS COUNTY CLERK 10/13/2020 04:31 PM
NYSCEF DOC. NO. 1

Case 1:20-cv-05583-AMD-RLM   Document 1-1   Filed 11/16/20   Page 3 of 7 PageID #: 6
INDEX NO. 519718/2020
RECEIVED NYSCEF: 10/13/2020

15. On April 8, 2020, at approximately 2:00 p.m., at Fulton Street and Miller Avenue, County of Kings, City and State of New York, the 2019 Volvo Tractor Trailer vehicle with Indiana license plate 2768212 and operated by Defendant ODILJON ABSAMATOV came into contact with a vehicle occupied by Plaintiffs PATRICK FINLEY and NAZZARETH TYSON.

16. That by reason of the foregoing, Plaintiffs sustained severe and serious personal injuries, and other injuries and damages, as hereinafter alleged.

17. That the said accident, personal injuries, and other injuries and damages sustained by the Plaintiffs as a result thereof were caused solely by reason of the negligence, carelessness, wanton recklessness, and neglect of the Defendant(s), and without any negligence on the part of the Plaintiffs contributing thereto.

18. That the negligence, carelessness, wanton recklessness, and neglect of the Defendant(s) consisted of the following: negligently and recklessly striking the Plaintiff; negligently and carelessly operated the said vehicle(s) in fast and unlawful, reckless and excessive rate of speed under the circumstances then and there existing; failure to have the said vehicle(s) under due and proper control; failure to properly guide said vehicle(s); failure to give any signs, signals, and/or warnings of the approach, by sounding bells, horns, or otherwise; failure to apply brakes timely and/or bring the vehicle(s) to a halt in order to avoid striking the Plaintiff; failure to heed or observe the Plaintiff and others lawfully on the roadway; operation of the said vehicle(s) without proper steering, braking, and/or lighting devices; failure of Defendant(s) to

properly maintain the said vehicle(s); violation of the rules and regulations of the road as set forth in the Vehicle and Traffic Law of the State of New York; failure to be vigilant and keep a careful lookout; failure to yield the right of way; failure to see what ought to have been seen; operation of the said vehicle(s) in disregard of the safety of the Plaintiff; failure to take any and every precaution to ensure the safety of the Plaintiff and avoid the accident; failure of the Defendant(s) to have the said vehicle(s) equipped with visors, wipers, or other mechanical aids to clear vision at the time and place of the accident and/or clearly observe the roadway; operation of the said vehicle(s) in a careless and imprudent manner; failure to use that degree of care and prudence that the ordinary person would use under the circumstances; failure to inspect and make safe the said vehicle(s); acted with wanton reckless disregard for the safety and well-being of the Plaintiff; failure to maintain a safe and proper distance from the Plaintiff; failure to heed and/or obey any and all traffic control devices including stop signs and/or markers; that the owners allowed drivers who were inexperienced to use his/her/its vehicle; that the owners improperly trained and supervised the drivers of the subject vehicle(s); respondeat superior, vicarious liability, negligent entrustment, and negligence per se; and in otherwise being careless and negligent.

19. That Plaintiffs have sustained serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, and sustained economic loss greater than basic economic loss as defined in said Section, and thereby Plaintiffs have the right to maintain this cause of action.

20. That this action falls within one or more of the exceptions to the limited liability rule of CPLR Article 16, including, but not limited to, CPLR 1602 (2), (5), (6), (7) and (11).

21. That by reason of the foregoing, Plaintiffs have sustained severe and serious personal injuries to said Plaintiffs' bodies and physical health, and nervous system, were caused to endure pain and suffering continuing to date and said Plaintiffs were caused to sustain other injuries and damages, all to said Plaintiffs' damage.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiffs repeat, reiterate and reallege each and every allegation of the Complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.

23. At all relevant times, it was the duty of the Defendant(s) to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to properly, safely, and adequately operate, maintain and repair the 2019 Volvo Tractor Trailer vehicle.

24. At all relevant times, it was the duty of the Defendant(s) to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning the operation, maintenance and repair of the 2019 Volvo Tractor Trailer vehicle.

25. At all relevant times, the Defendant(s) failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to properly, safely, and adequately operate, maintain and repair the 2019 Volvo Tractor Trailer vehicle.

26. At all relevant times, the Defendant(s) failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning the operation, maintenance and repair of the 2019 Volvo Tractor Trailer vehicle.

27. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for his/her injuries and damages.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant(s) in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in the sum that would provide Plaintiffs general relief for their injuries and damages, altogether with the costs, disbursements, interest, and legal fees of this action.

Dated: October 12, 2020

*Thomas [signature]*
GABRIEL LAW FIRM
Attorney for Plaintiff
2 Lincoln Avenue
Rockville Centre, NY, 11570
(516) 360-9101

STATE OF NEW YORK

COUNTY OF NEW YORK

I, the undersigned, am an attorney admitted to practice law in the courts of the State of New York, and state that I am the attorney of record for PATRICK FINLEY and NAZZARETH TYSON. I have read the foregoing summons and verified complaint, know the contents thereof, and same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to those matters not stated to be upon my own knowledge are based on investigative materials contained in my file. The reason that I make this affirmation instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: October 12, 2020

Thomas Bernard