UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATRICK FINLEY, et al.,

                       **Plaintiffs,**                       MEMORANDUM
                                                                 AND ORDER

          -against-                                   20-CV-5583 (AMD)

50 STAR LOGISTICS LLC, et al.,

                       **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On November 16, 2020, defendants 50 Star Logistics LLC and Odiljon Absamatov ("defendants") filed a notice to remove this personal injury action to this Court, on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Nov. 18, 2020) (the "Notice"), Electronic Case Filing Docket Entry ("DE") #1. By Order to Show Cause dated November 18, 2020, this Court *sua sponte* raised the insufficiency of the Notice of Removal with respect to the citizenship of defendant 50 Star Logistics LLC ("50 Star"). See Order to Show Cause (Nov. 18, 2020), DE #4. Specifically, the Notice states that 50 Star is an Ohio corporation with its principal place of business in Ohio. See Notice ¶ 6. However, the citizenship of a limited liability company is determined by the citizenship of each of its individual members, which must be set forth in the notice of removal. See Mills 2011 LLC v. Synovus Bank, 921 F.Supp.2d 219, 221 (S.D.N.Y. 2013) ("citizenship is determined by the citizenship of natural persons who are members of the limited liability company"); Mackason v. Diamond Fin. LLC, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004).

In response to the Court's *sua sponte* Order to Show Cause, defendants submitted the

affidavit of Nariman Khalilov, who is the sole owner and member of defendant 50 Star.  See Affidavit of Nariman Khalilov ¶ 2, DE #5-1.  Mr. Khalilov avers that he is a domiciliary of the State of Ohio.  See id. ¶ 1.  Plaintiff now opposes removal, arguing that defendants have failed to establish that Mr. Khalilov was the sole member of 50 Star (and a non-New York citizen) at the time the complaint was filed in state court.  See Affidavit/Affirmation in opposition to removal (Nov. 24, 2020) ("Pl. Opp."), DE #7.  Defendants, in response, further supplement their Notice by submitting the articles of organization for 50 Star.  See Letter response (Nov. 24, 2020), DE #8, DE #8-1.

As noted in this Court's Order to Show Cause, the Notice of Removal is clearly deficient with respect to diversity of the parties.  However, defective allegations of jurisdiction may be amended.  See 28 U.S.C. § 1653.  Even beyond the 30-day removal period set forth in 28 U.S.C. § 1446, federal courts have the discretion to allow amendments to a notice of removal that clarify defective allegations in the notice of removal.  See Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014); Emeldi v. Univ. of Oregon, 698 F.3d 715, 731 (9th Cir. 2012); Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296-97 (11th Cir. 2009); Certain Underwriters at Lloyd's London v. Art Crating, Inc., No. 12-CV-5078 (NGG)(VMS), 2014 WL 123488, at *13 (E.D.N.Y. Jan. 10, 2014) ("A defendant may also amend its notice of removal after thirty days if the amendment is merely technical."); CBS Inc. v. Snyder, 762 F.Supp. 71, 74-76 (S.D.N.Y. 1991).  "'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal."  Linium, LLC v. Bernhoit, No. 1:17-CV-0200 (LEK/CFH), 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) (quoting Grow Grp., Inc. v. Jandernoa,

2

No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995)); see Alvarado v. New England Motor Freight, Inc., No. 18 CV 2027 (SJ) (RML), 2018 WL 4043151, at *3 n.1 (E.D.N.Y. Aug. 24, 2018).

Here, defendants' Notice of Removal properly alleges that diversity of citizenship exists, but failed to sufficiently state 50 Star's citizenship as a limited liability company.  Since defendants seek to clarify allegations rather than adding new grounds for removal, the Court grants defendants leave to amend their Notice of Removal to properly state 50 Star's citizenship.  See Alvarado, 2018 WL 4043151, at *3; Linium, 2017 WL 2599944, at *3 (granting leave to amend to properly allege the citizenship of limited liability company); 250 Lake Ave. Assocs., LLC v. Erie Ins. Co., 281 F.Supp.3d 335, 341 (W.D.N.Y. 2017) (same); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) ("courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading") (internal quotation marks omitted).

Plaintiffs demand more proof than that provided by defendants regarding the citizenship of the parties "at the time the action was commenced."  Pl. Opp. ¶ 13.  However, "the existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal[.]"  Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009).  Based on defendants' supplemental submissions, the Court is satisfied that defendants have pled sufficient facts to establish this Court's subject matter jurisdiction.

3

## CONCLUSION

For the foregoing reasons, defendants are granted leave to amend the Notice of Removal by December 4, 2020.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 29, 2020**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**